IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| M,A, YAH,<br><br>                    Plaintiff,<br><br>         vs.<br><br>STEPHANIE R. HANSEN, Judge; MARCENA HENDRIX, Judge; TARA HOLTERHAUS, Attorney; SPENCER FANE LLP, and JUDGE TIMOTHY BURNS, District Judge;<br><br>                    Defendants. | **8:25CV175**<br><br>**MEMORANDUM AND ORDER** |

    This matter is now before the Court on the Amended Complaint[1] filed by non-prisoner Plaintiff Ma Yah ("Plaintiff"). Filing No. 6. As Plaintiff is proceeding in forma pauperis in this matter, *see* Filing No. 5, this Court shall perform an initial review of the Amended Complaint pursuant to 28 U.S.C. § 1915(e), to determine if summary dismissal is appropriate.

    For the reasons set forth below, the Court finds that Plaintiff's Amended Complaint fails to state a claim on which relief may be granted and the matter shall be dismissed without prejudice.

## I. SUMMARY OF COMPLAINT

    Plaintiff brings the following claims against defendants Judge Stephanie R. Hansen ("Judge Hansen"), Judge Marcena Hendrix ("Judge Hendrix"), District Judge Timothy Burns ("Judge Burns"), Tara Holterhaus

---

[1] The Court notes that while Plaintiff titled the amended complaint at Filing No. 6 as the "Second Amended Complaint," no prior amended complaint has been filed in this case. As such, throughout this Memorandum and Order this Court shall refer to Filing No. 6 as the "Amended Complaint."

("Holterhaus") and the law firm of Spencer Fane, LLP ("SF") pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985:

1. Fourteenth Amendment due process violations against all defendants for:

    a. denial of notice and opportunity to be heard regarding enforcement of a Writ of Restitution in interlocutory issues;

    b. release of Plaintiff's supersedeas bond without a judgement or hearing; and

    c. dismissal of Plaintiff's appeal by Judge Burns in violation of Plaintiff's right to due process.

2. First Amendment Retaliation against Judges Hansen and Hendrix, defendant Holterhaus, and SF for retaliation against Plaintiff personally and as a journalist.

    a. Judges Hansen and Hendrix issued unlawful writs, denied hearings, and released funds due to Plaintiff's publishing of news articles critical of them.

    b. Holterhaus (and presumably SF) abetted the retaliation by Judges Hansen and Hendrix.

3. Violations of the Nebraska Code of Judicial Conduct against Judges Hansen, Hendrix, and Burns.

4. Civil conspiracy under 42 U.S.C. § 1985 against all defendants.

Filing No. 6 at 2–3.

The subject matter of this case arises from eviction proceedings before Judge Hansen in Douglas County Court which took place on September 17, 2024. *Id.* at 2. Plaintiff appealed and paid a supersedeas bond of $4,463.43 to stay the eviction pending appeal. *Id.* On November 6, 2024, Judge Hansen issued a writ of restitution against Plaintiff, and that same day Judge Burns affirmed the writ without a hearing. *Id.* The following day Plaintiff filed an

interlocutory appeal of Judge Burns' November 6 decision, and on November 8, Judge Hansen reversed her earlier writ and stayed enforcement, after which Plaintiff withdrew his interlocutory appeal. *Id.* Plaintiff further alleges that his appeal was erroneously dismissed on February 4, 2025, in Douglas County District Court without a hearing being conducted by Judge Burns. Plaintiff contends that Judge Hansen and Judge Hendrix unlawfully enforced the eviction, issued new writs, and released the supersedeas bond without a "valid judgment or hearing." *Id.*

Finally, Plaintiff alleges that Holterhaus submitted documents in various legal proceedings "containing false information" and participated in "retaliatory legal tactics." *Id.*

Plaintiff seeks monetary damages and declaratory and injunctive relief. *Id.* at 3.

## II. APPLICABLE STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

## III. DISCUSSION[2]

### A. 42 U.S.C. § 1985

Plaintiff alleges a conspiracy amongst all named defendants in violation of 42 U.S.C. § 1985. Filing No. 6 at 3. To invoke the protection of Section 1985,

---

[2] As an initial matter, this Court notes that Plaintiff filed a similar case in this Court, which, due to pleading deficiencies and jurisdictional issues, required dismissal on initial review under 28 U.S.C. § 1915(e)(2)(B). *See Yah v. Livnow Homes, LLC*, Case No. 8:25-CV-121 (the "Prior Case"), Filing No. 25. The majority of Plaintiff's claims here must be dismissed for the same reasons as in the Prior Case.

3

however, a plaintiff must show the conspiracy was motivated by race discrimination. *Stampley v. City of St. Paul,* 230 F.3d 1364 (8th Cir. 2000). However, Plaintiff does not make any allegations in his complaint that could conceivably be construed to support these claims. Therefore, dismissal for failure to state an actionable claim is warranted here. *Id.*; *See also Hahn v. Sargent,* 523 F.2d 461, 469 (1st Cir. 1975); *Gleason v. McBride,* 869 F.2d 688, 695, (2nd Cir.1989); *Carchman v. Korman Corp.,* 594 F.2d 354 (3rd Cir. 1979); *Rogers v. Tolson,* 582 F.2d 315, 317 (4th Cir. 1978); *Ohio Inns, Inc. v. Nye,* 542 F.2d 673 (6th Cir. 1976); *Arnold v. Tiffany,* 487 F.2d 216 (9th Cir. 1973); *Wilhelm v. Continental Tire Co.,* 720 F.2d 1173, 1176 (10th Cir. 1983); *Lowe v. Letsinger,* 772 F.2d 308, 311 (7th Cir. 1985).

Moreover, even if Plaintiff had alleged racial discrimination or had Plaintiff brought a standard civil conspiracy claim under Section 1983, the conclusory allegations in the Amended Complaint cannot support a conspiracy claim. "To plead conspiracy, a complaint must allege specific facts suggesting that there was a mutual understanding among the conspirators to take actions directed toward an unconstitutional end." *Duvall v. Sharp*, 905 F.2d 1188, 1189 (8th Cir. 1990) (citing *Haley v. Dormire*, 845 F.2d 1488, 1490 (8th Cir. 1988)). While a plaintiff need not show that each participant knew "the exact limits of the illegal plan," the plaintiff must show evidence sufficient to support the conclusion that the defendants reached an agreement to deprive the plaintiff of constitutionally guaranteed rights. *Larson by Larson v. Miller*, 76 F.3d 1446, 1458 (8th Cir. 1996).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Wit v. City of Lincoln, Neb.*, No. 4:19CV3006, 2019 WL 1459054, at *3 (D. Neb. Apr. 2, 2019) (citing *Iqbal*, 556 U.S. at 678). Here, Plaintiff's Amended Complaint contains no facts which

would even suggest that any of the defendants made any agreement to deprive Plaintiff of any rights. Instead, Plaintiff relies wholly on conclusory and unsupported statements of a conspiracy between the defendants. Such a claim cannot proceed.

For these reasons, Plaintiff's civil conspiracy claims, whether brought under 42 U.S.C. § 1985 or 42 U.S.C. § 1983, must be dismissed.

**B.  42 U.S.C. § 1983**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Even when a claim is brought pursuant to this Court's federal question jurisdiction under 28 U.S.C. § 1331, Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). The allegations must state enough about each claim to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Here, the remaining federal question jurisdiction Plaintiff asserts is Section 1983. As such, Plaintiff must assert each defendant acted under color of law to allege federal question jurisdiction. *See Blomberg v. Schneiderheinz*, 632 F.2d 698, 699 (8th Cir. 1980) (finding that meeting the color of law requirement under Section 1983 was required to invoke federal jurisdiction under 28 U.S.C. § 1331(a)).

In the case of defendants SF and Holterhaus, Plaintiff's Amended Complaint contains no allegations that either is a government actor or acted under the color of law. Therefore, any claims arising under § 1983 against Holterhaus and SF cannot proceed under Section 1983 and require dismissal.

Plaintiff's claims against Judge Hansen, Judge Hendrix, and Judge Burns also must be dismissed. As noted in the Memorandum and Order dismissing the Prior Case, allowing Plaintiff to amend his claims against judicial defendants when the claims against them occurred while the judicial officers were acting in the scope of their duties would ultimately be futile. *See* Prior Case, Filing No. 25 at 6–7.

"[T]he necessary inquiry in determining whether a defendant judge is immune from suit is whether at the time [she] took the challenged action [she] had jurisdiction over the subject matter before [her]." *Huff v. City of Brookings Police Dep't*, No. 4:22-CV-4020-LLP, 2022 WL 2528255, at *3 (D.S.D. July 6, 2022) (citing *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)). Here as pleaded, all of Plaintiff's allegations against these judicial defendants relate to actions taken by them while in the course of legal proceedings when they had jurisdiction over Plaintiff's case. *See* Filing No. 6 at 2–3. As a result, all three Judges are absolutely immune from suit, and any claims against them must be dismissed.

IT IS THEREFORE ORDERED:

1. Plaintiff's Amended Complaint, Filing No. 6, is dismissed without prejudice.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

Dated this 12th day of June, 2025.

BY THE COURT:

_____
John M. Gerrard
Senior United States District Judge